UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD EDWARD SPEARMAN,

    Plaintiff,

v.

CHIU, et al.,

    Defendants.

Case No. 24-cv-09480-EKL

**ORDER TO SHOW CAUSE**

Plaintiff, a detainee at Sacramento County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has applied to proceed in forma pauperis, but it appears that he is three strikes barred and cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury.

## DISCUSSION

**Legal Standard**

Congress forbids a prisoner from bringing a civil action in forma pauperis under 28 U.S.C. § 1915, if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit has explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id*. at 1121.

*Andrews* requires that a prisoner be notified of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Id*. *Andrews* implicitly allows the court to sua sponte raise the Section 1915(g) problem but requires the court to notify the prisoner of the earlier dismissals it considers may support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id*. at 1120. A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915, but he still may pursue his claims if he pays the full filing fee at the outset of the action.

**Analysis**

Pursuant to *Andrews*, the Court now gives Plaintiff notice that he appears to have amassed at least four Section 1915(g) dismissals:

1. *Spearman v. B-Side Bar*, No. 21-cv-1216 KJM DMC (E.D. Cal. April 12, 2023) (case dismissed for failure to state a claim (ECF Nos. 10, 12));

2. *Spearman v. Towing*, No. 21-cv-1288 KJM JDP (E.D. Cal. June 28, 2022) (case dismissed as frivolous (ECF Nos. 7, 8));

3. *Spearman v. Sacramento County*, No. 21-cv-1289 TLN JDP (E.D. Cal. July 25, 2022) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 7), case dismissed for failure to file an amended complaint (ECF No. 11)); and

4. *Spearman v. Hillberg*, No. 23-cv-0093 DJC DMC (E.D. Cal. Aug. 1, 2024) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 11), case dismissed

for failure to file an amended complaint (ECF No. 13)).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews* at 1120. Under precedent from the Ninth Circuit, each dismissal counts as a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim constitutes a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike). Plaintiff does not appear entitled to proceed in forma pauperis.

Nor does it appear that plaintiff is entitled to proceed under the imminent danger exception. The danger faced by the plaintiff must be "clearly related to [the] initial complaint." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (discussing nexus requirement). The plaintiff must allege that he is in imminent danger of serious physical injury at the time the complaint is filed, and the allegation must be "plausible." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *see also id*. at 1057 n.11 (recognizing that "assertions of imminent danger . . . . may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations . . . .").

In the complaint, plaintiff alleges that in October 2024, he was detained at a bus stop in San Francisco and involuntarily taken to the hospital even though he was not suffering from any mental health issue. ECF No. 1 at 3. The doctor at the hospital confirmed that there was no issue with plaintiff. *Id*. Plaintiff filed this case on December 12, 2024, while in detention at Sacramento County Jail. *Id*. at 1, 5. Based on plaintiff's complaint, it does not appear that he was in imminent danger related to the incident in San Francisco, at the time he filed this action.

**CONCLUSION**

1. In light of plaintiff's strikes, and because he does not appear plausibly to have been in imminent danger of physical injury at the time of filing, he is **ORDERED TO SHOW CAUSE** within **twenty-eight days** from the date of service of this order why his motion for leave to proceed in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In his response, plaintiff may address how he is in imminent danger by providing specific allegations. He may also address how the four dismissals above do not

3

constitute strikes under Section 1915(g).

2. If plaintiff is so inclined, he may avoid dismissal of his action by paying the $405.00 filing fee. The Court notes for plaintiff's benefit that this order does not constitute a screening of his claims pursuant to 28 U.S.C. § 1915A. Even if plaintiff pays the full filing fee for this action, the Court still will be required to conduct an initial review of the pleadings pursuant to that statute. *See* 28 U.S.C. § 1915A(a)-(b). Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 17, 2025

Eumi K. Lee
United States District Judge